UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,           No.    1:17-CR-211

      vs.

                                        Hon. PAUL L. MALONEY
                                        U.S. District Judge

JOSEPH ANTHONY RAPHAEL,

                    Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America states the following in response to Joseph Anthony Raphael's objection to the presentence report.

On December 1, 2017, Raphael pleaded guilty to Count 1 of the Indictment, which charged him with stealing tribal property of a value in excess of $1,000, in violation of 18 U.S.C. § 1168(b). The Presentence Report determined an offense level of 15 and a Criminal History Category of III with a resulting guideline range of 24 to 30 months.   At the time the revised presentence report was issued, Raphael was objecting to the enhancement for obstruction of justice and for the denial of acceptance of responsibility.   Upon information and belief, Raphael is withdrawing his objection regarding obstruction of justice and will be asking the Court to consider a reduction for acceptance.

On December 5, 2017, Raphael was released from custody and placed on bond.   As part of his bond, the Court ordered Raphael to reside at the Behavioral Health Residential Treatment Center in Mt. Pleasant, Michigan, and to successfully complete the program.   On January 1,

2018, Raphael violated treatment rules at the program and left without permission.   An arrest warrant and show cause order on the question of his continued bond were issued on January 2, 2018.

On January 6, 2018, Raphael broke into the residence of his estranged spouse.   Raphael stole her purse, which contained $180, credit cards and a Michigan bridge card.   When she resisted, he dragged her across the floor, struck her in the face, and caused a 3" by ¼" cut across the back of her hand.   The offense occurred in Indian Country in the Eastern District of Michigan and charges are pending.

After fleeing the treatment facility, Raphael failed to report to probation and was an absconder until his arrest in or about the beginning of March 2018.   His bond was revoked on March 8, 2018, and he has remained in custody.   It is the government's understanding that the presentence investigator is preparing an addendum to the Presentence Report to reflect the new information.

### **Obstruction of Justice**

As noted in presentence report, absconding from a halfway house and drug treatment facility has been proper grounds for finding obstruction of justice.   In addition to the cases cited by U.S. Probation, the government found for the Court's consideration the following cases.   The Sixth Circuit in *Untied States v. Oliver*, 397 F.3d 369, 382-83 (6th Cir. 2006), held that "Absconding from a halfway house qualifies as escape from custody for the purposes of U.S.S.G. § 3C1.1."[1]   The *Oliver* Court cited as support *Hayes v. United States*, 281 F.3d 724

---

[1] The Sixth Circuit reversed the finding of obstruction because the sentence was pre-*Booker* and the guidelines were applied as mandatory. The *Oliver* Court addressed the legal interpretation of the sentencing guideline and remanded the case to determine whether the enhancement applied now that the guidelines were advisory. *Oliver*, 397 F.3d at 381-82 and FN 5.

(8th Cir. 2002); *United States v. Swanson*, 253 F.3d 1220 (10th Cir. 2001); and *United States v. Draper*, 996 F.2d 982 (9th Cir. 1993). To the extent there is any concern that the "Behavior Health Residential Treatment Center" is not the same as a halfway house, the Eighth Circuit held that absconding from bond for approximately three months is proper grounds for assessing the obstruction of justice enhancement. *See United States v. Thomas*, 72 F.3d 92 (8th Cir. 1995). The Fourth Circuit held that removing the ankle monitor and absconding from house arrest was also proper grounds for obstruction. *See United States v. Figuried*, 571 F.App'x. 181, 183 (4th Cir. 2014). The enhancement for obstruction of justice is appropriate. As noted above, it is the government's understanding that Raphael is withdrawing his objection to the guideline enhancement.

### Acceptance of Responsibility

Ordinarily, when the obstruction of justice enhancement is applied, the defendant is denied the reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 comment. n.4. and *United States v. Kobasic*, 639 F.App'x. 308, 311-14 (6th Cir. 2016) and *United States v. Wilson*, 197 F.3d 782, 786-87 (6th Cir. 1999). This is not an extraordinary case where both may apply. *See e.g. United States v. Gregory*, 315 F.3d 637, 640-41 (6th Cir. 2003) (obstructive behavior predated defendant's indictment). Without question, Raphael pleaded guilty and acknowledged his culpability for the theft from the casino. A guilty plea should ordinarily warrant a reduction in offense level. However, Raphael's conduct post-plea runs contrary to demonstrating acceptance of responsibility. Examples of demonstrating acceptance of responsibility include "withdrawal from criminal conduct" and "post-rehabilitative efforts (e.g. counseling or drug treatment)." Here, Raphael assaulted and robbed his wife resulting in new federal charges and fled from a drug treatment center. Denial of a reduction for acceptance of responsibility is

-3-

appropriate.

THEREFORE, the United States supports the sentencing guideline calculation in the presentence report and opposes Raphael's objection.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: April 12, 2018

/s/ Daniel Y. Mekaru
DANIEL Y. MEKARU
Assistant United States Attorney
PO Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404